UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ADDISON ALEXANDER,   Civil Action No. 1:13-cv-133

    Plaintiff,   Dlott, J.
                                Bowman, M.J
   vs.

SGT. PAYNE, *et al.*,

    Defendants.

### REPORT AND RECOMMENDATION

Plaintiff, an inmate at the Southern Ohio Correctional Facility, proceeding *pro se* and *in forma pauperis*, has filed a civil complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). This matter is before the Court on Defendant Hubbard's motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted, or alternatively, Fed. R. Civ. P. 12(b)(5) and 4(m), for Plaintiff's failure to perfect service on Hubbard within one hundred and twenty (120) days after seeking leave to file an amended complaint. After failing to timely respond to Defendant Hubbard's motion to dismiss, the Court Ordered Plaintiff to Show Cause, in writing and within 20 days, why the motion to dismiss should not be granted. (Doc. 22). Plaintiff timely responded to the Show Cause Order. (Doc. 43).

    **I.**    **Background and Facts**

As outlined by Defendant Hubbard, on February 27, 2014 and April 11, 2014, Plaintiff Addison Alexander sought leave to amend the complaint, to change the name of the originally-named Defendant, Officer Hobberson, to Officer Hubbard. (Docs 31, 32). Defendant did not oppose Plaintiff's motion for leave to amend his complaint to replace Hobberson with Hubbard. On June 10, 2014, the Court granted Plaintiff's

motion to amend to add Officer Hubbard as a defendant in this matter on June 10, 2014. (Doc. 36).

Thereafter, on March 6, 2015, Defendant Hubbard filed the instant motion to dismiss. In support of his motion, Defendant Hubbard notes Plaintiff has not filed an amended complaint nor has he executed service on Defendant Hubbard. As such, he contends that Plaintiff's complaint should be dismissed for lack of service within 120 days as required by Rule 4(m) of the Federal Rules of Civil Procedure. Defendant Hubbard further contends that Plaintiff's claims asserted against him are time barred. Notably, according to the original complaint, the cause of action that forms the basis of Plaintiff's use-of-force suit, which allegedly resulted in bodily injury, originated on December 8, 2012. (Doc. 1, p. 6). "[T]he appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code Ann. § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual." *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989). Therefore, Hubbard maintains that over two years have passed since December 8, 2012, the statute of limitations for § 1983. As such, he asserts that since the statute of limitations has passed no such complaint could ever be filed against him. Upon close inspection, the undersigned finds that Defendant Hubbard's motion is not well-taken at this juncture.

## II. Analysis

The undersigned agrees that Plaintiff has failed to properly serve defendant Hubbard. However, this conclusion does not end the Court's inquiry. Before dismissal of an improperly served complaint, Fed.R.Civ.P. 4(m) requires the undertaking of a two-part analysis.

First, the court must determine whether the plaintiff has shown good cause for

the failure to effect service. If he has, then "the court *shall* extend the time for service for an appropriate period." Fed.R.Civ.P. 4(m) (emphasis added).

Second, if the plaintiff has not shown good cause, the court must either (1) dismiss the action or (2) direct that service be effected within a specified time. *See id.* In other words, the court has discretion to permit late service even absent a showing of good cause. *See Henderson v. United States,* 517 U.S. 654, 662 (1996) ("Most recently, in [the] 1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown.' "). *Osborne v. First Union Nat'l Bank of Delaware,* 217 F.R.D. 405, 408 (S.D.Ohio 2003). *See also Stafford v. Franklin County,* 2005 U.S. Dist. LEXIS 12740, at *7 (S.D. Ohio June 28, 2005) (J. Holschuh) ("Advisory Committee Notes on Rule 4(m) indicate that a court may relieve a plaintiff of the consequences of an application of Rule 4(m) even if there is no good cause shown. Fed.R.Civ.P. 4, Advisory Committee Notes to 1993 Amendments.").

Thus, the proper procedure in the instant action is for this Court to determine if plaintiff has demonstrated good cause for his failure to properly effectuate service upon Defendants. If it concludes that plaintiff has not, the Court must then decide whether to exercise its discretion and allow the case to proceed. The Court notes at the outset that its analysis is tempered by the "strong preference that claims be adjudicated on their merits." *Coleman v. Shoney's, Inc.,* 79 Fed. Appx. 155, 157 (6th Cir.2003) (citing *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir.1991)). *See also Stafford v. Franklin County, supra,* at *10 (In considering a motion to dismiss for failure to effectuate service, the court stated: "At the outset, this Court notes that, in

3

this Circuit, disputes should be resolved on their merits rather than procedural or technical grounds. *Vergis v. Grand Victoria Casino & Resort,* 199 F.R.D. 216, 218 (S.D.Ohio 2000)" (J. Beckwith).

### A. Good Cause

A finding of good cause for extension of the time in which to serve a defendant is a matter of discretion entrusted to the district court. *Friedman v. Estate of Presser,* 929 F.2d 1151, 1157 (6th Cir.1991). To demonstrate good cause, a plaintiff must show at least excusable neglect. *Stafford v. Franklin County, supra,* at *8 (citing *Stewart v. TVA,* Case No. 99-5723, 2000 U.S.App. LEXIS 29904, at *3 and *Moncrief v. Stone,* 961 F.2d 595, 597 (6th Cir.1992)).

In response to the pending show cause Order, Plaintiff purportedly asserts that he timely served the complaint and the only thing that has changed is the name of Officer Hobberson to that of Officer Hubbard. Plaintiff also notes that Defendant did not oppose his motion to amend his complaint to replace Officer Hobberson with Officer Hubbard.

Plaintiff further asks this Court to consider his *pro se* status. Neither of these arguments, however, constitute good cause for failure to properly effectuate service. Mere "inadvertent failure" is insufficient to constitute good cause. *Thurman v. GTE,* 1998 U.S.App. LEXIS 2132. at *2-3 (6th. Cir. Feb. 10, 1998) (citing *Friedman,* 929 F.2d at 1157). Similarly, plaintiff's "*pro se* status does not relieve him of his obligation to properly effect service of summons and complaint as required by the Federal Rules of Civil Procedure." *Sayyah v. Brown County Bd. of Comm'r,* 2005 U.S. Dist. LEXIS 15227, at *17 (S.D.Ohio 2005).

The Court concludes that plaintiff has failed to demonstrate good cause for his failure to properly serve process on the defendant. Accordingly, the Court must now consider whether, in the exercise of its discretion, to direct that service to be effectuated within a specified period of time, or instead to dismiss the action. *See Osborne,* 217 F.R.D. at 408.

**B. Discretion**

In determining whether to exercise this discretion, the Court considers the following factors:

> (1) whether a significant extension of time [is] required; (2) whether an extension of time would prejudice the defendant other than the inherent 'prejudice' in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether a dismissal without prejudice would substantially prejudice the plaintiff ... and (5) whether the plaintiff had made any good faith efforts at effecting proper service of process.

*Stafford v. Franklin County, supra,* at *9-10 (citing *Nehls v. Hillsdale College,* No. 1:03-CV-140, 2004 U.S. Dist. LEXIS 8588, at *15 (W.D.Mich., February 20, 2004), *Vergis,* 199 F.R.D. at 218 and *Wise v. Dep't of Defense,* 196 F.R.D. 52, at 54-57 (S.D.Ohio 1999) (J. Rice).

Here, the undersigned Court finds that these equitable factors weigh in favor of granting Plaintiff a modest extension of time in which to properly serve the summons and complaint on each defendant. Defendant does not claim, nor does the Court find, any prejudice to him by allowing plaintiff additional time to properly effectuate service. Also, Defendant Hubbard had actual notice[1] of the lawsuit, as is shown by his filing of

---

[1] However, that the Court does not mean to suggest that actual notice of the suit is a substitute for proper service of the summons and complaint. Actual notice of a lawsuit clearly may not substitute for proper service. *See LSJ Investment Co., Inc. v. O.L .D., Inc.,* 167 F.3d 320, 322 (6th Cir.1999); *Friedman v. Estate of Presser,* 929 F.2d 1151, 1155 (6th Cir.1991).

5

the Motion to Dismiss. Further, in hindsight, the Court's June 2014 Order granting Plaintiff's motion for leave to amend and therein substituting Officer Hubbard for Officer Hobberson was somewhat ambiguous. Namely, the Court should have made clear that Plaintiff was not required to file an additional complaint and should have notified Plaintiff that Officer Hubbard must be served with a summons and complaint. As such, the undersigned recommends that Plaintiff be granted a modest extension of time to properly serve Defendant Hubbard.[2]

### III. Conclusion

In light of the foregoing, the Court **RECOMMENDS** that Defendant Hubbard's Motion to Dismiss (Doc. 40) be **DENIED.** Plaintiff is **DIRECTED** to submit to the Clerk a completed summons form as to Defendant Hubbard **within 21 days** of the Report and Recommendation. Once the summons is received, the United States Marshall Service will be ordered to serve a copy of the summons and complaint upon Defendant Hubbard. Plaintiff's failure to timely submit the completed summons form could result in dismissal of this action.

                                              *s/ Stephanie K. Bowman*
                                              Stephanie K. Bowman
                                              United States Magistrate Judge

---

[2] Additionally, with respect to Defendant's assertion that Plaintiff's claims are time-barred, the undersigned finds that Plaintiff's amended complaint should relate back to the original complaint under Rule 15(c)(1)(C). However, this issue may be revisited on summary judgment, if necessary.

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ADDISON ALEXANDER, | Civil Action No. 1:13-cv-133 |
| Plaintiff, | Weber, J. |
| vs. | Bowman, M.J |
| SGT. PAYNE, *et al.*, | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).